**ORRVILLE** (Village) v **GOCHNAUER** et

Ohio Appeals, 9th Dist, Wayne Co

No 910.  Decided Oct 6, 1932

Alton H. Etling, Wooster, and L. R. Critchfield, Wooster, for plaintiff in error.

Homer V. Briggle, Canton, Harry C. Cook, Canton, and Dean H. Weimer, Wooster, for defendants in error.

WASHBURN, J.

The trial resulted in a verdict and judgment in their favor for $1,000.

The controversy is before this court on a petition in error filed by said village. None of the evidence is set forth in the bill of exceptions, which contains only the verdict of the jury, the motion for a judgment notwithstanding the verdict, the ruling of the court thereon, and the charge of the court.

The bill does not present any question as to error in the charge of the court, although that matter is referred to in the brief, and the only claim of error presented by the record is as to the overruling of the motion for a judgment notwithstanding the verdict.

At the request of the village, the court submitted twenty-five interrogatories, among which were several which sought to have the jury itemize the damage by stating the amount allowed for damage to cattle, the amount allowed for damage to horses, the amount allowed for damage to chickens, and the amount allowed for damage to the real estate each year for a period of four years before the bringing of the suit.

The jurors answered that they allowed nothing for damage to chickens or horses or cows but that they allowed $250 a year for four years as damage to the real estate, which answers were entirely consistent with the general verdict, and the answers to all of the other questions were likewise consistent with the general verdict, unless the answer to question 20 may be considered as inconsistent therewith. That question and answer were as follows:

"Q. What do you find the amount of decreased reasonable rental value of said farm, if any, for each year, July 20, 1927, to July 20, 1931, when the petition in this case was filed, caused by the Orrville sewage disposal plant?

"A. We do not consider rental value any consideration in this case."

That answer, on its face, is not inconsistent with the general verdict, but it is claimed that it is inconsistent with the answer to question 19 hereinafter referred to, and that, as the court charged the jury that the measure of damages to the real estate was the depreciation in rental value, said answer indicates that the jury did not follow that rule.

There is some warrant for that contention, but when the peculiar language of the answer is considered in connection with the answers to the other questions, we do not think that the answer shows clearly and definitely that the jury did not follow the instructions of the court.

In question 19 the jury was asked to fix the damages to the real estate "by foul odors arising from the creek or in any other manner," and the jury answered $250 a year, which would indicate that they followed the rule laid down by the court as to rental value, and it seems to us that a reasonable construction of the answer to question 20 is that they did not consider rental value separate and apart from their answer to question 19. In any event, it is not clear that the answer to question 20 is inconsistent either with question 19 or the general verdict.

To justify the court in setting aside or disregarding the general verdict "on the ground that it is inconsistent with" special findings, "the conflict must be clear and irreconcilable."

**Davis v Turner, 69 Oh St 101.**

"Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general verdict."

**Board of Commissioners v Deitsch, 94 Oh St 1.**

We conclude that there is not such a clear and irreconcilable conflict in this

case as would warrant this court in saying that the trial court erred in overruling the motion for a judgment notwithstanding the verdict.

It seems to us proper to point out that very many of the questions propounded in this case were improper because the answers thereto would not be findings of ultimate and determinative facts. They were more in the nature of a cross-examination of the jury, with a view of enforcing disclosure of the process by which the jury arrived at their conclusions upon the ultimate facts.

While we do not have the evidence before us, it is a fair inference from the record as it is that there was evidence of discomfort and annoyance to which the plaintiffs and their family were subjected in the use of their homestead, and that that was an element of damage to be considered by the jury; and we hold that in this case it was not proper to ask the jury to itemize the damages and tell how much was allowed for contamination of the air and how much for inconvenience in caring for livestock, or just what proportion of the damages was caused by pollution of the stream by others, or from what part of the sewage plant the pollution came, or whether some of the sewage reached the stream through a bypass, or how much the sewage from the by-pass polluted the stream, or how much of the damage came from an unprecedented dry spell,—all of which questions were submitted to the jury.

Cleveland & Elyria Elec. Rd. Co. v Hawkins, 64 Oh St 391.

We think that question 20, relied upon to control the judgment in this case, falls within the class above referred to and was not a proper interrogatory under the statute, and in that event it could not control the judgment even if the answer thereto had been unambiguous and clearly inconsistent.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.